Howard R. Moore v. Commissioner.
Moore v. Commissioner
Docket No. 40296.
United States Tax Court
1954 Tax Ct. Memo LEXIS 311; 13 T.C.M. (CCH) 65; T.C.M. (RIA) 54041; January 29, 1954
*311 Dependency deductions for five minor children disallowed as to 1947 and 1948 but allowed for 1949 since petitioner contributed more than half of the support of the children in that year. John W. Carter, Esq., Box 479, Danville, Va., for the petitioner. George W. Calvert, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion Respondent determined deficiencies in the income taxes of petitioner for the years 1947, 1948 and 1949 in the amounts of $445, $425 and $478, respectively. The correctness of respondent's action in disallowing dependency deductions for five minor children claimed by petitioner in each of the years in question is the only issue for decision. Findings of Fact The petitioner is an individual residing in Danville, Virginia. Throughout the period in question, he was employed at the Danville Post Office as a postal clerk. His income tax returns for the years 1947, 1948 and 1949 were filed with the collector of internal revenue for the district of Virginia. In each of those years he claimed as dependents for income tax purposes his five youngest children. Prior to July 30, 1945, the petitioner and Dora Soyars Moore *312 were husband and wife. On complaint of Dora S. Moore, the corporation court of the City of Danville, Virginia, on July 30, 1945, granted a divorce to the petitioner and Dora S. Moore, ordering the petitioner to pay $100 per month for the support of their seven minor children. On July 28, 1948, the aforesaid court ordered the petitioner to increase the payments to $130 per month beginning August 1, 1948. The petitioner and Dora S. Moore had ten children. The five youngest children, ranging in age from 6 to 14 years in 1947, lived with their mother throughout the years in issue. In addition, the older children frequently visited their mother's home for short periods, eating and sleeping there. During the years 1947, 1948 and 1949, petitioner, in accordance with the aforementioned decrees, paid $1,200, $1,350 and $1,560, respectively, to Dora S. Moore. During each of these years, he gave to the minor children an additional sum of $156 by way of small amounts of spending money. He also carried hospitalization insurance on the children at a cost of $1.98 per month. The total expenditures made by the petitioner for the support of the five children were as follows: 1947
1948
1949
$1,379.76
$1,529.76
$1,739.76
*313 In each of the years in question, expenditures for the exclusive benefit of the five youngest children were as follows: Clothing
$ 400.00
Laundry and drycleaning
364.00
Spending money and hospitalization
paid by petitioner
179.76
School lunches
100.00
Extra milk
65.70
School supplies
30.00
Medical expense paid by Dora Moore
20.00
Total
$1,159.46
The following amounts were spent in maintaining Dora Moore's household: 1947
1948
1949
Food
$2,132.00
$2,132.00
$2,132.00
Rent
192.00
367.00
402.00
Water, gas, electricity
58.24
136.45
141.83
Kerosene for heating and cooking
87.60
87.60
87.60
Part-time maid
78.00
78.00
78.00
Ice
54.60
54.60
54.60
Telephone
42.00
42.00
42.00
Total
$2,644.44
$2,897.65
$2,938.03
Of these expenditures, the following amounts are attributable to the support of the five youngest children: 1947
1948
1949
Food
$1,599.00
$1,599.00
$1,599.00
Rent
144.00
275.25
301.50
Water, gas, electricity
43.68
102.33
106.38
Kerosene for heating and cooking
65.70
65.70
65.70
Part-time maid
58.50
58.50
58.50
Ice
40.95
40.95
40.95
Telephone
31.50
31.50
31.50
Total
$1,983.33
$2,173.23
$2,203.53
*314 The total cost of supporting the five youngest children was as follows: 1947
1948
1949
$3,142.79
$3,332.69
$3,362.99
The petitioner did not contribute more than 50 &er cent of the total support of the five children in 1947 and 1948. The petitioner contributed more than 50 per cent of the total supprt of the five children in the year 1949. Opinion ARUNDELL, Judge: The sole question to be determined in this case is whether petitioner contributed more than one-half of the support of five minor children during the years 1947 through 1949. There is no serious dispute as to the amounts paid by petitioner. They consisted of monthly cash payments pursuant to a court order and small additional amounts for hospitalization and spending money for the children. There is substantial disagreement, however, as to the total amount expended for the support of the children. Both sides offered evidence on this point, composed principally of conflicting estimates as to a great variety of normal household costs. In the most cases there was no concrete basis for those estimates by the witnesses on either side. We have considered all of the testimony with great care and *315 used our best judgment in our findings as to the amount actually expended for each item of support. These disbursements which we considered solely for the benefit of the five children were allowed in full in computing the total cost of support. As to those items which we regarded as being for the general maintenance of the household, consideration was given to the fact that parts of the gross amounts so expended were not attributable to the younger children but, rather, to the mother and to the older children who frequently ate and slept there. Our findings show that the amount contributed by petitioner exceeded one-half of the total cost of support only in 1949. It follows that respondent properly disallowed the deductions for 1947 and 1948 and that the deficiencies for those years must stand. As to 1949, however, petitioner was entitled to five dependency deductions and the deficiency for that year must be set aside. Decision will be entered under Rule 50.